UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | |
|---|---|
| FIDELITY AND GUARANTY LIFE INSURANCE COMPANY, : | |
| Plaintiff, : | |
| v. : | CIVIL ACTION NO. L-02-CV 0094 |
| ALFRED L. TAYLOR, *et al.*, : | |
| Defendants. : | |

## CONSENT JUDGMENT

This is an interpleader action brought by Fidelity and Guaranty Life Insurance Company ("F&G Life"), pursuant to 28 U.S.C. §§ 1335, 1397, and 2361, to determine the respective rights of J.G. Wentworth S.S.C., Limited Partnership ("Wentworth"), Alfred L. Taylor ("Taylor"), and United States Fidelity and Guaranty Company ("USF&G") (collectively the "Interpleader Defendants") to receive payments under F&G Life Annuities Policies Numbered I453837 and I453838 (the "Annuities").

USF&G purchased the Annuities to fund its obligation to make periodic payments to Taylor pursuant to a "Settlement Agreement And Release Of All Claims" (the "Release").

By Order dated January 10, 2002, the Court dismissed F&G Life from the case with prejudice, but providing that F&G Life could seek its attorneys' fees and costs, and ordered the Interpleader Defendants to plead and pursue their claims among themselves in connection with their respective rights and claims to the Annuities payments. Since the entry of the Court's Order of January 10, 2002, F&G Life has made all payments due under the Annuities into the Registry of the Court.



All Interpleader Defendants have been properly served with process.

Upon the joint Motion of Wentworth, USF&G, and Taylor it is this ___9th___ day of ~~April~~ May, 2002 ORDERED:

1. That pursuant to the Court's authority under 28 U.S.C. §§ 1651 and 2361, Taylor and anyone claiming any interest derived in any way from Taylor are permanently enjoined from ever bringing any action or making any claim against F&G Life or USF&G based upon the filing of this action or any payments made or not made under the Release or the Annuities up to the date of this Consent Judgment.

2. That pursuant to the Court's authority under 28 U.S.C. §§ 1651 and 2361, Taylor and anyone claiming any interest derived in any way from Taylor are permanently enjoined from ever bringing any action or making any claim against Wentworth based upon this action, any payments made or not made under the Release or the Annuities, or the Purchase Agreement dated May 17, 1998 between Taylor and Wentworth, and all agreements related thereto (collectively, the "Purchase Agreement").

3. That 10% of the interest earned on the funds deposited into the Registry of the Court shall be retained by the Court as its Registry fee.

4. That F&G Life's attorneys' fees and expenses in the amount of $2,413 shall be paid from the remaining monies in the Registry of the Court.

5. That any remaining monies in the Registry of the Court shall be paid to Taylor.

6. That F&G Life shall pay Wentworth the sum of $43,147.00 pursuant to the May 2001 payment under Annuity No.I453838.

7. That F&G Life shall thereafter make the remaining payments under the Annuities to Taylor.

8. That Wentworth shall indemnify, defend, and hold harmless F&G Life and USF&G from any claim made or action brought by Taylor or any other person (i) for any payments that were due under the Annuities or the Release up to this date; (ii) on account of any Annuities payments that were made to Wentworth, or the Court up to this date; (iii) on account of any Annuities payments that are made to Wentworth pursuant to this Consent Judgment; or (iv) for any actions or omissions occurring prior to the date of this Consent Judgment and arising out of or from the Annuities, the Release, or this Action. Wentworth's indemnification shall include all actual attorneys' fees, costs, and expenses incurred by F&G Life and/or USF&G as a consequence of any such claim or action.

9. That F&G Life and USF&G are released from any liability to Wentworth on account of any Annuities payments that F&G Life and/or USF&G may have made to any person or entity prior to the date of this Consent Judgment.

10. That F&G Life and USF&G are released from any liability to Taylor and/or anyone claiming any interest derived in any way from Taylor on account of Annuities payments that F&G Life and/or USF&G may have made to any person or entity prior to the date of this Consent Judgment.

11. That nothing in this Consent Judgment shall preclude F&G Life, USF&G and/or Wentworth from raising any claim or issue that was raised or could have been raised in the present case, except for issues relating directly to the Release, the Annuities, or the Purchase Agreement, in any pending or future case.

12. That Wentworth shall dismiss all garnishment actions and/or proceedings currently pending against F&G Life that seek to garnish payments under the Annuities.

13. That this Court shall retain jurisdiction over this matter to enforce any and all matters relating to this Consent Judgment.

14. The Clerk shall close the case.

B. Legg

---
Benson E. Legg, Judge
United States District Court
for the District of Maryland



MICROFILMED
MAY - 9 2002